## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
-----------------------------------------------------------x
In re:                                    :        Chapter 11
                                          :
VALERITAS HOLDINGS, INC.,                 :        Case No. 20-10290 (__)
              Debtor.                     :
                                          :
Employer's Tax Identification No.:        :
46-5648907                                :
-----------------------------------------------------------x
In re:                                    :        Chapter 11
                                          :
VALERITAS, INC.,                          :        Case No. 20-10291 (__)
              Debtor.                     :
                                          :
Employer's Tax Identification No.:        :
20-5321056                                :
-----------------------------------------------------------x
In re:                                    :        Chapter 11
                                          :
VALERITAS SECURITY CORPORATION,           :        Case No. 20-10292 (__)
              Debtor.                     :
                                          :
Employer's Tax Identification No.:        :
61-1669654                                :
-----------------------------------------------------------x
In re:                                    :        Chapter 11
                                          :
VALERITAS US, LLC,                        :        Case No. 20-10293 (__)
              Debtor.                     :
                                          :
Employer's Tax Identification No.:        :
83-1710007                                :
-----------------------------------------------------------x
```

## MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER DIRECTING THE JOINT ADMINISTRATION OF THE DEBTORS' CHAPTER 11 CASES

Valeritas Holdings, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors"), by and through their proposed undersigned counsel, DLA Piper LLP (US), hereby submit this motion (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A**, authorizing and directing the procedural consolidation and joint

administration of the above-captioned chapter 11 cases (the "Chapter 11 Cases"). In support of this Motion, the Debtors rely upon, and incorporate by reference, the *Declaration of John E. Timberlake in Support of Chapter 11 Petitions and First Day Pleadings* (the "First Day Declaration"),[1] filed contemporaneously with this Motion. In further support of this Motion, the Debtors respectfully state as follows:

## JURISDICTION AND VENUE

1.     The United States Bankruptcy Court for the District of Delaware (this "Court") has jurisdiction over these chapter 11 cases, the Debtors, property of the Debtors' estates and this matter under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.     Pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that this Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3.     Venue of these Chapter 11 Cases in this District is proper under 28 U.S.C. §§ 1408 and 1409.

4.     The statutory bases for the relief requested in this Motion are section 342(c)(1) of title 11 of the United States Code (the "Bankruptcy Code"), rules 1005 and 1015 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 1015-1.

---

[1]     Capitalized terms used but not otherwise defined in this Motion shall have the meaning ascribed to them in the First Day Declaration.

## BACKGROUND

5.      On the date hereof (the "Petition Date"), each Debtor filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

6.      The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  As of the date hereof, no trustee, examiner, or official committee of unsecured creditors has been appointed in these Chapter 11 Cases.  No date has been set for a meeting pursuant to section 341 of the Bankruptcy Code.

7.      Additional factual background regarding the Debtors, including their business operations, capital structure, and the events leading to the filing of these Chapter 11 Cases, is set forth in detail in the First Day Declaration, which is fully incorporated into this Motion by reference.

## RELIEF REQUESTED

8.      By this Motion, the Debtors seek entry of an order, pursuant to section 342(c)(1) of the Bankruptcy Code, Bankruptcy Rules 1005 and 1015, and Local Rule 1015-1, substantially in the form attached to this Motion as **Exhibit A**, (i) authorizing consolidation and joint administration of these Chapter 11 Cases for procedural purposes only, and (b) directing parties in interest to use a consolidated caption, indicating that any pleading they file relates to the jointly administered bankruptcy cases of "VALERITAS HOLDINGS, INC., *et al.*".  Specifically, the Debtors request that the Court maintain one file and one docket for all of the jointly administered cases in the case of Valeritas Holdings, Inc., and that the cases be administered under the following consolidated caption:

3

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

```
-----------------------------------------------------------x
                                              :
In re:                                        :   Chapter 11
                                              :
        VALERITAS HOLDINGS, INC., et al.,¹    :   Case No. 20-10290 (___)
                                              :
        Debtors.                              :   (Jointly Administered)
-----------------------------------------------------------x
```

---

¹       The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: Valeritas Holdings, Inc. (8907); Valeritas, Inc. (1056); Valeritas Security Corporation (9654); Valeritas US, LLC (0007).  The corporate headquarters and the mailing address for the debtors is 750 Route 202 South, Suite 600, Bridgewater, New Jersey 08807.

9.      The Debtors further request that the Court order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code and Bankruptcy Rule 1005.

## BASIS FOR RELIEF

10.     Bankruptcy Rule 1015(b)(4) provides that "if . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order joint administration of the estates" of the debtor and such affiliates.  *See* Bankruptcy Rule 1015(b)(4). Section 101(2) of the Bankruptcy Code, defines the term "affiliate," in pertinent part, as:

> (A) an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor . . . .

> (B) a corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor . . . .

4

(C) a person whose business is operated under a lease or operating agreement by a debtor, or person substantially all of whose property is operated under an operating agreement with the debtor; or

(D) an entity that operates the business or substantially all of the property of the debtor under a lease or operating agreement.

*See* 11 U.S.C. § 101(2).

11.    Local Rule 1015-1 provides that an order of joint administration may be entered, upon the filing of a motion for joint administration pursuant to Bankruptcy Rule 1015, provided it is supported by a declaration which establishes that the proposed joint administration is warranted and will ease the administrative burden for the Court and the parties.  In addition, Bankruptcy Rule 1005 contains specific requirements relating to the contents of the caption.[2]

12.    As set forth in the First Day Declaration, four (4) affiliated entities filed voluntary petitions under chapter 11 of the Bankruptcy Code.  Debtor Valeritas Holdings, Inc. directly or indirectly owns or controls 100% of the voting securities and/or membership interests (as applicable) of each of the other Debtor entities.  As such, the Debtors are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code.  Accordingly, this Court is authorized to jointly administer these Chapter 11 Cases for procedural purposes under Bankruptcy Rule 1015(b) and Local Rule 1015-1.

---

[2] Bankruptcy Rule 1005 specifies that

[t]he caption of a petition commencing a case under the Code shall contain the name of the court, the title of the case, and the docket number. The title of the case shall include the following information about the debtor: name, employer identification number, last four digits of the social-security number or individual debtor's taxpayer-identification number, any other federal taxpayer-identification number, and all other names used within eight years before filing the petition.  If the petition is not filed by the debtor, it shall include all names used by the debtor which are known to the petitioners.

Fed. R. Bankr. P. 1005.

5

13.     The Debtors operate as an integrated business with common ownership and control.  The Debtors also share a number of financial and operational systems.  As a result, many—if not all—of the motions, hearings, and orders that will arise in these cases will affect all Debtors.  Joint administration of these Chapter 11 Cases, therefore, will reduce fees and administrative burdens by avoiding duplicative filings, objections, notices and hearings.

14.     Joint administration will save time and money and avoid such duplicative and potentially confusing filings by permitting counsel for all parties in interest to, among other things, (a) use a single caption on the numerous documents that will be served and filed in these Chapter 11 Cases and (b) file the pleadings in one case rather than in multiple cases.  Moreover, this Court will be relieved of the burden of entering duplicative orders and maintaining duplicative files.  Also, joint administration will ease the burden on the Office of the United States Trustee in supervising these bankruptcy cases and will permit the Clerk of the Court to use a main docket for all of the Debtors' cases, allowing the Debtors and other parties in interest to combine notices to creditors and other interested parties.  Further, joint administration also will protect parties in interest by ensuring that parties in each of the Debtors' respective cases will be apprised of the various matters before the Court in these Chapter 11 Cases.

15.     The rights of the respective creditors of each of the Debtors will not be adversely affected by joint administration of these cases, as this Motion only requests administrative—and not substantive—consolidation of the Debtors' estates.  Each creditor and other party in interest will maintain whatever rights it has against the particular estate in which it allegedly has a claim or right.  Furthermore, because these cases involve hundreds of creditors, the entry of an order of joint administration will: (a) significantly reduce the volume of pleadings that otherwise would be filed with the Clerk of this Court, (b) render the completion of various administrative tasks

6

less costly, and (c) minimize the number of unnecessary delays associated with the administration of numerous separate chapter 11 cases.

16.     The Debtors further submit that the simplified caption contains all information required by Bankruptcy Rule 1005 and that use of the simplified caption will eliminate cumbersome and confusing procedures and help ensure a uniformity of pleading identification. Case-specific information will be listed in the petitions for each Debtor, which are publicly available to parties in interest or will be provided by the Debtors upon request, and this information will be included in key notices to parties in interest, such as the notices required under Bankruptcy Rules 2002(a)(1), 2002(a)(7), and 2002(b), as applicable to these Chapter 11 Cases.  Therefore, the Debtors submit that the policies behind the requirements of section 342(c) of the Bankruptcy Code have been satisfied.

17.     In addition, the Debtors request that the Clerk of Court make separate docket entries on the docket of each of the Debtors' cases (except that of Valeritas Holdings, Inc.), substantially as follows:

> An order has been entered in this case consolidating this case with the case Valeritas Holdings, Inc., Case No. 20-10290 (___), for procedural purposes only and providing for its joint administration in accordance with the terms thereof.  The docket in Case No. 20-10290 (__) should be consulted for all matters affecting this case.

18.     In view of the fact that joint administration is procedural only, the Debtors respectfully request that the Court direct that any creditor filing a proof of claim against any of the Debtors or their respective estates clearly assert its claim against the particular Debtor obligated on such claim, and not against the jointly administered Debtors.

19.     An order of joint administration relates to the routine administration of a case and may be entered by the Court in its sole discretion on an *ex parte* basis.  *See* Local Rule 1015-1. The Debtors submit that no party will be prejudiced by virtue of the relief requested in this

Motion.  Specifically, the relief sought herein is solely procedural and is not intended to affect substantive rights.  Indeed, the relief requested in this Motion is commonly granted by this Court. *See, e.g.*, *In re Melinta Therapeutics, Inc., et al.*, Case No. 19-12748 (LSS) (Bankr. D. Del. Dec. 30, 2019), ECF No. 48; *In re Celadon Group, Inc., et al.*, Case No. 19-12606 (KBO) (Bankr. D. Del. Dec. 10, 2019), ECF No. 49; *In re Juno USA, LP, et al.*, Case No. 19-12484 (MFW) (Bankr. D. Del. Nov. 21, 2019), ECF No. 22; *In re MTE Holdings LLC, et al.*, Case No. 19-12269 (KBO) (Bankr. D. Del. Nov. 15, 2019), ECF No. 95.[3]

20.     For these reasons, the Debtors submit that the relief requested herein is in the best interests of the Debtors, their estates, creditors and other parties in interest and, therefore, should be granted.

## NOTICE

21.     Notice of this Motion will be provided in accordance with the Local Rules to: (a) the Office of the United States Trustee for Region 3; (b) the Debtors' Prepetition Secured Lenders; (c) HB Fund LLC, the proposed DIP Lender; (d) the Internal Revenue Service; (e) the Securities and Exchange Commission; (f) the parties included on the Debtors' consolidated list of their 30 largest unsecured creditors; (g) the United States Attorney for the District of Delaware; (h) the Food and Drug Administration; and (i) all parties entitled to notice pursuant to Local Rule 2002-1(b).  As this Motion is seeking "first day" relief, notice of this Motion and any order entered in connection with this Motion will be served on all parties required by Local Rule 9013-1(m).  Due to the urgency of the circumstances surrounding this Motion and the nature of the relief sought, the Debtors respectfully submit that no further notice of this Motion is required.

---

[3]     In accordance with Local Rule 7007-2, the Debtors' proposed counsel has copies of each of the above referenced orders and will make them available to this Court and to any party that requests them.  The orders are also available on this Court's CM/ECF PACER site at the cited docket numbers and on the dates specified above.

**WHEREFORE**, the Debtors respectfully request that this Court (i) enter an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in this Motion, and (ii) grant such other and further relief as this Court may deem just and proper.

Dated:  February 9, 2020
         Wilmington, Delaware

Respectfully submitted,

**DLA PIPER LLP (US)**

*/s/ Maris J. Kandestin*
Maris J. Kandestin (DE 5294)
1201 North Market Street, Suite 2100
Wilmington, Delaware 19801
Telephone: (302) 468-5700
Facsimile:  (302) 394-2341
Email: maris.kandestin@us.dlapiper.com

-and-

Rachel Ehrlich Albanese (*pro hac vice* admission pending)
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 335-4500
Facsimile:  (212) 335-4501
Email:  rachel.albanese@us.dlapiper.com

*Proposed Counsel to the Debtors and Debtors in Possession*

EAST\171150999.5